NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAVERNE WASHINGTON,**
*Claimant-Appellant,*

v.

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7018

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-3678, Judge Mary J. Schoelen.

---

Decided: August 8, 2014

---

LAVERNE WASHINGTON, of North Little Rock, Arkansas, pro se.

ERIC E. LAUFGRABEN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General

Counsel, and LARA K. EILHARDT, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before NEWMAN, MOORE, and REYNA, *Circuit Judges.*

PER CURIAM.

Laverne Washington appeals *pro se* the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a determination by the Board of Veterans Appeals ("Board") denying Mr. Washington's claim for disability compensation for fibromyalgia.[1]  Because Mr. Washington's arguments on appeal concern only challenges to factual determinations and the application of law to the facts of this case, we lack jurisdiction over the appeal and dismiss.

## BACKGROUND

Mr. Washington served on active duty in the United States Army from July 1975 to March 1981.  During this time, Mr. Washington was treated on several occasions for complaints related to his joints.  In March 1977, he reported pain in his right side.  He was referred for x-rays and returned to duty.  In April 1980, he presented to the dispensary with a swollen left ankle and was diagnosed with Achilles tendonitis.  In June 1980, Mr. Washington reported knee pain and was diagnosed with patellar contusion.  In August 1980, his chest pain was assessed as muscle spasm.  Following complaints of pain in his right shoulder, his right arm and his back, he was diagnosed with a muscle contusion and a muscle strain in October 1980.

———————————

[1]  *Washington v. Shinseki*, No. 11-3678 (Vet. App. Sept. 9, 2013).

In July 1981, Mr. Washington completed a "Report of Medical History" for enlistment in the Army National Guard in which he denied a history of swollen or painful joints; arthritis, rheumatism, or bursitis; bone, joint, or other deformity; lameness; painful or trick shoulder or elbow; recurrent back pain; trick or locked knee; and foot trouble. In January 1982, Mr. Washington submitted a claim for VA benefits. He did not include any musculoskeletal complaints in his claim. A VA general medical examination conducted in September 1982 noted that Mr. Washington's musculoskeletal system was normal. According to VA treatment records from March 1989, he did not report any physical problems at the time.

Years later, Mr. Washington served again on "active duty for training" from October 5 to October 14, 2001. In January 2005, he reported bilateral shoulder pain that had started approximately two weeks earlier. The VA diagnosed Mr. Washington with fibromyalgia in October 2005. The medical report noted that he complained of right hand pain that had started approximately two years previously. A musculoskeletal examination revealed "tenderness over areas of the trapezius, deltoids bilaterally" and over the right hand and most of the right arm, with limited range of motion for both shoulders resulting from pain. A private physician confirmed Mr. Washington's fibromyalgia diagnosis in January 2006.

In January 2008, Mr. Washington filed a claim for disability compensation for fibromyalgia alleging that his condition was incurred in the line of duty at some point between March 1980 and March 1981. He stated that he experienced chronic pain and stiffness in his muscles and joints, especially in his shoulder, side, knees, hand, and wrist, since 1982.

In April 2008, the VA Regional Office (RO) denied Mr. Washington's claim. Mr. Washington filed a Notice of Disagreement and submitted a statement in support of

his claim.  He argued that fibromyalgia is a form of arthritis and noted that arthritis is a chronic disease subject to presumptive service connection pursuant to 38 C.F.R. § 3.309(a).  In October 2009, Mr. Washington testified before the Board that the physical activity performed during military service contributed to his development of fibromyalgia and that he experienced the same type of symptoms during service.  Based on his testimony and records, the Board in January 2010 remanded Mr. Washington's claim for a VA examination to determine whether the condition was caused or aggravated by his service.

The VA conducted a muscles examination on July 7, 2010.  The Examiner confirmed Mr. Washington's fibromyalgia diagnosis but concluded that it is less than likely that the fibromyalgia began in military service.  The Examiner based his opinion on the fact that there was no diagnosis of fibromyalgia during Mr. Washington's periods of service, and the first diagnosis occurred years after active service was terminated in 1981.  He also could not find in the claims file any consistent record of treatment for fibromyalgia-like symptoms until the diagnosis was made in 2005.  Accordingly, the VA continued to deny Mr. Washington's claim.

The Board affirmed the VA's determination.  The Board assigned "high probative value" to the VA Examiner's opinion, finding it was reasoned and based on a complete review of the record, interview and examination.  The Board acknowledged Mr. Washington's testimony that he experienced symptoms during service, but found the testimony outweighed by the absence of any records showing that those symptoms manifested during service.  The Board also noted that Mr. Washington's diagnosis was based on tenderness in the trapezius muscles, deltoids, and right hand and arm, but the Examiner found no evidence of similar complaints during service.  Finding that the Examiner's opinion was more probative than Mr.

Washington's own testimony, the Board concluded that his fibromyalgia was unrelated to service.

Mr. Washington appealed to the Veterans Court, which affirmed the Board's decision on September 9, 2013. The Veterans Court found that the Board properly assessed the evidence and sufficiently supported its decision. Regarding Mr. Washington's testimony, the court found that the Board adequately explained its reasons for giving more weight to the VA Examiner's opinion than to Mr. Washington's lay testimony. The Veterans Court also rejected Mr. Washington's theory that service connection should be presumed under 38 C.F.R. § 3.309(a) because, even accepting Mr. Washington's argument that fibromyalgia is a form of arthritis, he had not identified any evidence that would show that the disease became manifest to a degree of 10% or more during service or within one year of discharge, as required by the regulation. Mr. Washington timely appealed to this court.

## DISCUSSION

We lack jurisdiction to entertain Mr. Washington's appeal. Our review of decisions by the Veterans Court is limited to challenges to the validity or interpretation of any statute or regulation.[2] We are precluded from reviewing factual determinations or the application of law to fact except to the extent that an appeal presents a constitutional issue.[3]

Mr. Washington's arguments on appeal constitute a challenge to factual determinations or the application of law to facts, and do not present a constitutional issue. Mr. Washington argues that the Veterans Court erred in denying service connection because clear and convincing

---

[2]    38 U.S.C. § 7292(c).

[3]    38 U.S.C. § 7292(d)(2).

evidence establishes that his fibromyalgia symptoms began in 1976 and 1977. Addressing Mr. Washington's arguments would require review of the Veterans Court's factual determination that the Board's finding of no service connection was correct. We lack jurisdiction to reweigh the evidence.

Mr. Washington also argues that the Veterans Court's decision "involved the validity" of 38 C.F.R. §§ 3.303(b) and 3.303(d). Section 3.303(b) provides that, when a chronic disease is shown to have manifested in service, subsequent manifestations of the same chronic condition are presumed service connected. When the disease is first diagnosed after discharged, section 3.303(d) allows service connection to be granted if all the evidence establishes that the disease was incurred in service. The Veterans Court, however, did not interpret these regulations, or any other regulation, when it affirmed the Board's finding of no service connection. Rather, the Veterans Court applied the law to the facts of this case, a determination that is not reviewable by this court.

CONCLUSION

Because Mr. Washington's appeal presents no issues within our jurisdiction, the appeal is

**DISMISSED**

COSTS

Each party shall bear its own costs.